### W. K. BELL v. C. C. WILLIAMS.

Decided April 14, 1900.

**Sale Under Deed of Trust—Notice—Change of Law.**

A deed of trust was executed in 1889 after the taking effect of the act passed that year (Revised Statutes, article 2369) regulating sales of real estate made under powers conferred by deeds of trust, and providing that notice of such sale "shall be given as now required in judicial sales." The law then in force regulating judicial sales did not require that notice of the sale should be personally served on the owner of the property. Held, that a sale under the deed of trust, made after the law as to judicial sales was so changed as to require personal notice thereof to the owner (Revised Statutes, article 2366), was not invalid because made without such personal notice.

APPEAL from Palo Pinto. Tried below before Hon. J. S. STRAUGHAN.

*F. O. McKinsey* and *W. E. McConnell,* for appellant.

*G. A. McCall,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellant made application September 18, 1897, to purchase a section of school land in Palo Pinto County classed as dry grazing land, but his application was rejected and the land awarded to the appellee. This suit was consequently brought by him, but recovery was denied upon the ground that his title to the quarter section upon which he resided had been divested out of him by foreclosure sale under deed of trust before he made his application to purchase as additional lands the section in controversy. On appeal to this court that judgment was affirmed (on oral opinion) upon the trial court's conclusions of law and fact, which we found to be substantially correct.

We are now asked to grant a rehearing upon several grounds, one of which we deem it proper to notice. It seems to be contended that the foreclosure sale was ineffectual because notice was not given appellant as provided in article 2366 of the Revised Statutes, in so far as this article requires that in execution sales, in addition to the notice required to be posted, there shall be delivered to the defendant in execution one copy of such notice.

The deed of trust under which the sale in question took place was made in the year 1889, and after the act passed in that year took effect which undertook to regulate the sales of real estate made under powers conferred by deeds of trust. The following language was used in that act: "Notice shall be given as now required in judicial sales," etc. Rev. Stats., art. 2369. At that time personal notice to the defendant in execution was not required to be given; nor was such notice required when the deed of trust was made, the provision of article 2366 relied upon having been introduced by amendment in the year 1895. We are of opinion, therefore, that notwithstanding the sale in question was made after this amendment was adopted, it was nevertheless valid, inasmuch as all the requirements of the deed of trust and of the act of 1889, embodied in article 2369 of the Revised Statutes, were complied with.

The recitals in the trustee's deed were treated by the appellant in the trial below as competent evidence between the parties to this litigation, and we have consequently so treated them, not undertaking, however, to decide whether such recitals would have been competent had objection been made upon the ground that a stranger to the title, as appellee was, could not avail himself of them.

We consequently adhere to our previous decision, and overrule the motion for a rehearing.

*Motion overruled.*
*Judgment affirmed.*

Writ of error refused.